```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**DANIEL M. JONES**                                              **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO.: 3:04-CV-318BN**

**HARTFORD FIRE INSURANCE COMPANY;**
**HARTFORD INSURANCE COMPANY; HARTFORD**
**ACCIDENT INSURANCE COMPANY; AND**
**JUAN S. SEBASTIAN**                                           **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion *in Limine* of Hartford Fire Insurance Company ("Hartford") which was filed on November 23, 2005, as docket entry no. 51. Hartford seeks to preclude the following matter during the trial of this case:

1. Any appeal to regional bias or characterization of Hartford as an out-of-state insurance company;

2. References to bad faith or punitive damages, or requests for damages beyond the limit of the available uninsured motorist coverage.

3. Expert testimony or records of Dr. Lon Alexander; and

4. Any documents produced after the discovery deadline set forth in the Case Management Order.

In his Response, Jones concedes that any appeal to regional bias, references to bad faith or punitive damages, or requests for

1

damages beyond coverage limits would be inappropriate. The Motion is accordingly granted as to these matters.

Thus, the only issues remaining before the Court are whether Dr. Alexander can testify or his records used and wether documents produced after the discovery deadline are admissible.

**Testimony and Records of Dr. Alexander**

Hartford argues that the expert testimony and records of Dr. Alexander, a treating physician of Plaintiff, should be excluded because he was not timely designated as an expert. Hartford further contends that Plaintiff has yet to produce the facts and opinions Dr. Alexander intends to rely on at trial. Conversely, Plaintiff argues that Hartford had sufficient notice that Dr. Alexander would testify. Plaintiff also points to pre-discovery disclosures that referenced Dr. Alexander as a treating physician. Further, Plaintiff asserts that as soon as the medical records were made available to him, he produced the records to Hartford.

In its attempt to strike Plaintiff's treating physicians, Hartford relies on Rule 26.1(a)(2)(d) of the Uniform Local Rules for the Northern and Southern Districts of Mississippi. That Rule states "[a] party shall designate treating physicians as experts pursuant to this rule, but is only required to provide facts known and opinions held by the treating physician(s) and a summary of the grounds therefor."

In Robbins v. Ryan's Family Steak House East, Inc., 223 F.R.D.

448 (S.D. Miss. 2004), this Court set forth the standard by which treating physicians must be designated as experts. Regarding the provision of medical records in lieu of a formal expert report, this Court held:

> [R]ecognizing the difficulty of obtaining such report from some physicians and the expense thereof, the court may allow, in some instances, for the office records of the calling party's treating physician to be submitted in lieu of a written and signed report. In such instances, the treating physician will be limited at trial to testifying only to those opinions expressed in the office records. Thus, if the attorney wishes to elicit from the treating physician an opinion not set forth in the physician's office records, he should submit a written report signed by the treating physician as required by the rules or suffer the consequence of having an objection to that opinion sustained at trial.

Id. at 453.

Therefore, in accordance with the holdings in Robbins, the Motion will be denied as to the admissibility of Dr. Alexander's testimony and records. Dr. Alexander will be allowed to testify at the trial of this cause. However, Dr. Alexander's testimony will be limited to the contents of his medical records that were produced to Defendants prior to December 9, 2005, and reasonably obvious inferences that can be drawn therefrom.

**Documents Produced After Deadline**

Finally, Hartford requests that Plaintiff be prohibited from introducing at trial any documents produced after the August 2, 2005, discovery deadline, as set forth in the Case Management Order. In response, Plaintiff contends that both parties were

dilatory in conducting discovery and that Plaintiff has seasonably supplemented its discovery. Hartford does not dispute Plaintiff's claim that it also produced documents after the discovery deadline had passed.

Accordingly, the Court will deny the portion of the Motion pertaining to admissibility of documents and allow both parties to introduce documents at trial that were produced prior to December 9, 2005. However, any documents that were not produced as of that date will not be admitted into evidence at trial.

IT IS THEREFORE ORDERED that the Motion *in Limine* of Hartford [docket entry no. 51] is hereby denied in part and granted in part under the conditions set forth above.

SO ORDERED this the 15th day of December, 2005.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

blj